UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

b

| | |
|---|---|
| JUAN PABLO PALACIOS. | CIVIL ACTION 1:17-CV-00430 |
| VERSUS | JUDGE DRELL |
| THOMAS F. CUPPLES II | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss (Doc. 9) an action to collect on a promissory note. Defendant's motion should be denied.

I. Background

Juan Pablo Palacios ("Palacios") filed a complaint against Defendant Thomas Cupples II ("Cupples"), alleging Cupples defaulted on his April 10, 20012 promissory note for $ 218,218.84, payable to Palacios (Doc. 1, Ex.). Palacios alleges the promissory note was executed by Cupples to secure, as guarantor, an indebtedness of Agencia Independiente de Seguros y Fianzas Grupo Aseso, S.A. ("the Agencia") (Doc. 1). Palacios alleges the last payment made on the underlying obligation was on March 21, 2015, leaving Cupples, as guarantor, liable to Palacios for $ 197,208.22 plus interest, late fees, costs, and attorney's fees[1] (Doc. 1).

Cupples filed a Motion to Dismiss the complaint pursuant to Fed. R. Civ. P. rule 12(b)(6) for failure to state a claim upon which relief may be granted (Doc. 9).

---

[1] Palacios contends the promissory note is governed by Florida law, which provides for reasonable attorney's fees and costs in the event legal action is necessary (Doc. 1).

Palacios filed a response in opposition to the motion (Doc. 16), to which Cupples replied (Doc. 17). Cupples's Motion to Dismiss is now before the Court for disposition.

II. Law and Analysis

   A. Standards governing the Motion to Dismiss pursuant to 12(b)(6).

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

   B. Cupples' Motion to Dismiss should be denied.

Cupples contends Palacios's complaint should be dismissed because he failed to show Cupples is the guarantor of Agencia's loan. Cupples argues that his guarantee of Agencia's indebtedness is not reflected on the face of the promissory note. Cupples also contends that Louisiana law, rather than Florida law, is applicable to the action, because Cupples has always been a resident of Louisiana, the Promissory Note was signed in Louisiana, Palacios is a citizen of Guatemala, and Palacios does not have any contacts with the State of Florida. Finally, Cupples argues

2

the promissory note does not meet the statutory requirements for a suretyship in Louisiana.

### 1. The choice of law provision in the note should be enforced.

The promissory note signed by Cupples has a Florida choice of law provision: "This note shall take effect as a sealed instrument and shall be construed, governed[,] and enforced in accordance with the laws of the State of Florida." Cupples contends the choice of law provision is invalid due to the parties' lack of contacts with Florida. Cupples argues that Louisiana law applies to the note.

In a federal diversity case, the conflicts law of the forum state governs. See Curtis Callais Welding, Inc. v. Stolt Comex Seaway Holdings, Inc., 129 Fed. Appx. 45, 51 (5th Cir. 2005), (citing Roberts v .Energy Dev. Corp., 104 F. 3d 782, 786 (5th Cir. 1997)). The rules governing Louisiana's conflicts law are delineated under Louisiana Civil Code Articles 3540, 3527, and 3515. Louisiana generally allows parties to select the law that will determine the outcome of the disputes arising from a contract. See Curtis Callais Welding, Inc., 129 Fed. Appx. at 51-52 (citing Verdine v. Ensco Offshore Co., 255 F.3d 246, 250 (5th Cir. 2001)). Thus, Louisiana has no general prohibition against choice-of-law provisions. See Curtis Callais Welding, Inc., 129 Fed. Appx. at 52.

Under Article 3540, a choice-of-law provision is presumed valid and enforceable until the provision is proven invalid. Louisiana courts typically will not invalidate a choice of law provision agreed upon between parties unless the chosen law violates a strong public policy of the state. See Curtis Callais Welding, Inc., 129

Fed. Appx. at 52 (citing Delhomme Industries, Inc. v. Houston Beechcraft, Inc., 669 F.2d 1049, 1058 (5th Cir. 1982). The party seeking to invalidate the choice of law provision bears the burden of proving invalidity. See Curtis Callais Welding, Inc., 129 Fed. Appx. at 52 (citing Delhomme Industries, Inc., 669 F.2d at 1058)). Moreover, one state's law does not violate another state's public policy merely because the law of the two states differ. See Curtis Callais Welding, Inc., 129 Fed. Appx. at 52. Courts favor and tend to uphold choice of law provisions in contracts, particularly when such provisions are used in interstate transactions. See Delhomme Indus., Inc., 669 F.2d at 1058.

Cupples contends the choice of law provision is void because neither party has contacts with the State of Florida. However, that is not the test. Cupples has not alleged or shown that Florida law as to promissory notes and guarantors violates a strong Louisiana public policy. Therefore, the choice of law provision in the promissory note, to apply Florida law, should be upheld.

### 2. The promissory note is enforceable against Cupples.

Next, Cupples contends the promissory note is invalid because it does not reference Cupples's guaranty of Palacios's loan to Agencia.

The promissory note was executed by Cupples on April 10, 2012 (Doc. 1). Cupples promised to pay Palacios $ 218,218.84 in 5 equal payments of $40,000.00 and a sixth payment of $ 18,218.84, on the 20th of each month beginning September 20, 2012. The note does not explain or reference a guaranty, nor does it contain a

contingency (default on Agencia's loan), the occurrence of which makes the note executory. The complaint alleges that $ 197,208.22 of the note remains unpaid.

Florida courts have made it clear that a plaintiff makes a prima facie case on a promissory note by presenting the valid promise to pay. The promissory note is itself evidence of the existence of the debt. When the note is regularly admitted into evidence, no additional evidence of the present existence of the debt is necessary. Paladin Shipping Co. Ltd. v. Star Capital Fund, LLC, 491 Fed. Appx. 42, 45 (11th Cir. 2012). Accordingly, under Florida law, Palacios made a prima facie case by presenting the valid promissory note and claiming the unpaid amount. It was then Cupples's burden to prove an affirmative defense.

Cupples argues the promissory note is not enforceable against him because there is no proof the note was given by Cupples as guarantor for Agencia's loan. A promissory noted given in satisfaction of an antecedent obligation is enforceable under Florida law. See Mesa Petroleum Co. v. Coniglio, 629 F.2d 1022, 1028 (5th Cir. 1980); Fla. Stat. § 673.3031(1)(c); see also Equity Investment Partners, LP v. Lenz, 594 F.3d 1338, 1344 (11th Cir. 2010). Once a holder of a promissory note establishes a prima facie right to judgment as a matter of law, the burden then shifts to the obligor to establish an affirmative defense to the claim, such as the lack of consideration or payment. See Paladin Shipping Co. Ltd. V. Star Capital Fund, LLC, 491 Fed. Appx. 42, 45 (11th Cir. 2012). There is no requirement that the consideration for the note be referenced in the note.

There is no third party loan or guaranty referenced in the note, and there is no evidence of such in the record. The promissory note is evidence that Cupples promised to pay $ 218,218.84 to Palacios. Cupples has not denied his signature is on the promissory note, pleaded or shown lack of consideration, or presented evidence to show the debt has been extinguished. A reference on the promissory noted to the guaranty is not required. See F.S.A. § 673,1171; see also La. C.C. art. 3038.

Accordingly, Cupples's Motion to Dismiss for failure to state a claim on which relief may be granted (Doc. 9) should be denied.

### III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that Cupples's Motion to Dismiss (Doc. 9) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ.

P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_9th\_\_ day of February, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge