RECEIVED
APR 29 2019
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN PABLO PALACIOS | CIVIL ACTION:1:17-00430 |
| VERUS | |
| | JUDGE DEE D. DRELL |
| THOMAS F. CUPPLES II | MAG. JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the court is Defendant's "Motion to Strike Reply Memorandum in Support of Motion for Summary Judgment." (Doc. 49). Therein, Defendant argues the attachments to Plaintiff's reply brief, an email string, consist of new evidence which is incompetent summary judgment evidence. Not only are the emails authenticated, but a reply brief should consist of rebuttal argument, not new evidence. Accordingly, the court should strike the exhibits and all arguments based thereon in Plaintiff's reply brief.

Plaintiff responds by arguing Defendant's motion to strike should be denied as it is procedurally improper. It should be an objection to the scope of the argument and evidence, not a motion to strike. Furthermore, the court should not disregard or strike the emails as they are proper rebuttal evidence admitted for the purpose of attacking the credibility of the affiants whose affidavits are attached to Defendant's objection to the motion for summary judgment.

Federal Rule of Civil Procedure 56(c)(2) provides, "[a] party may object that the material cited [by another] to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Thus, there is no need under this standard to file a separate motion to strike. Nevertheless, a court may do as the Fifth Circuit and treat the motion to strike as an

objection. See Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co., 671 F.3d 512, 515 (5th Cir.2012); Fed.R.Civ.P. 56 advisory committee's note to 2010 amendments ("There is o need to make a separate motion to strike."). Accordingly, we shall treat the instant motion as an objection under Fed.R.Civ.P. 56(c)(2).

Competent summary judgment evidence is limited to materials that would be admissible in evidence at trial. Regardless of whether the emails are new evidence or rebuttal evidence, to be admitted at trial, the emails must be authenticated. As no effort was made by Plaintiff to authenticate the emails, they are considered incompetent summary judgment evidence and will not be considered at this time. Accordingly, it is

**ORDERED** that Defendant's motion (Doc. 49) is **GRANTED** and the exhibits attached to the Plaintiff's reply brief as well as the arguments therein pertaining to those documents (Doc. 48) are hereby **STRICKEN**.

**SIGNED** this 29TH day of April 2019, at Alexandria, Louisiana.

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT