U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 10 2019

TONY R. MOORE, CLERK
BY: _____ MS
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JUAN PABLO PALACIOS | CIVIL ACTION:1:17-00430 |
| VERUS | |
| | JUDGE DEE D. DRELL |
| THOMAS F. CUPPLES II | MAG. JUDGE PEREZ-MONTES |

## RULING

Before the court is Juan Pablo Palacios' "Motion for Summary Judgment" (Doc. 40). For the reasons set forth below, the court finds the motion should be DENIED.

### I. BACKGROUND

Juan Pablo Palacios filed a complaint (Doc. 1) against Thomas Cupples II on March 22, 2017. Palacios alleged Cupples defaulted on a promissory note signed on April 10, 2012 that was made payable to Palacios in the amount of $218,218.84. Palacios alleged Cupples executed the promissory note to secure, as guarantor, the indebtedness of Agencia Independiente de Seguros y Fianzas Grupo Aseso, S.A. ("Agencia") but ceased making payments after March 21, 2015. Thus, Palacios sought damages for the balance on the promissory note, $197,208.22, plus interest, late fees, costs and attorney's fees.

Cupples responded to the complaint by filing a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Cupples argued Palacios' complaint should be dismissed because: (1) he failed to establish Cupples was the guarantor of Agencia's loan and (2) under Louisiana law, which Cupples argued was the proper choice of law, the promissory law did not meet the valid statutory basis for suretyship.

Magistrate Judge Perez-Montes issued a Report and Recommendation (Doc. 20) on February 9, 2018, in which he found the Florida choice of law provision was applicable and "under Florida law, Palacios made a prima facie case by presenting the valid promissory note and claiming the unpaid amount." Accordingly, the motion to dismiss for failure to state a claim was recommended to be denied. The undersigned adopted the Report and Recommendation and issued a judgment ruling specifically that Florida law applied and the motion to dismiss should be denied.

The matter proceeded with Cupples filing an answer approximately two weeks thereafter, the parties seeking an extension of all deadlines the following week, and the case proceeding for another eight months before the instant motion for summary judgment was filed.

**II.   ANALYSIS**

In his motion for summary judgment, Palacios contends the Report and Recommendation and the Judgment adopting it establish Cupples liability for the unpaid amounts on the promissory note; thus, the only remaining matter is the damages[1] owed. Cupples opposes the motion arguing the only ruling made by this court was that Palacios' complaint stated a claim upon which relief could be granted and that Florida law applied. Accordingly, outstanding genuine issues of material fact remain regarding liability and summary judgment should not be granted.

Palacios argues that the choice of law issue was "fully briefed" by the parties at the time the motion to dismiss was filed. We agree. The parties did fully brief the issue and the court ruled the Florida choice of law provision in the promissory note applied to this case as no strong Louisiana public policy existed to prevent its application.

Palacios further argues that the parties "also briefed" the enforceability of the promissory note under Florida law. We do not find the issue of liability was fully briefed in conjunction with

---

[1] Palacios seeks an award in the amount of $295,458.90, attorney's fees and costs related to this litigation, and attorney's fees, late fees, interest, and costs through the date such judgment is satisfied.

2

the motion to dismiss. To do so would be contrary to the purpose of the pre-answer dismissal of the claim. Cupples' motion sought to dismiss Palacios' claim based on a failure to state a claim upon which relief could be granted.

The court's focus was only the legal sufficiency of Palacios' complaint. In evaluating the matter, Magistrate Judge Perez-Montes set forth the standard for evaluating a 12(b)(6) motion. "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" (Id. at 2, citation omitted). Further, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.). However, a 12(b)(6) motion is not a trial on the merits.

To summarize, Cupples set forth the argument that Palacios' allegations in the complaint about Cupples were not plausible based on the four corners of the promissory note in the record. Further, Cupples argued Florida law was inapplicable to the case, thus, resulting in the promissory note's ineffectiveness under Louisiana suretyship. The Report and Recommendation evaluated the choice of law provision; established that Florida law applied; and, determined the complaint was legally sufficient as the issue of whether or not Cupples guaranteed Agencia's debt. Accordingly, the complaint was deemed legally sufficient, and the case should proceed. By adopting the Report and Recommendation, the court adopted these findings and only these findings.

### III. CONCLUSION

As the court has not decided issues at the heart of this dispute, many disputes of material fact remain. Accordingly, Palacios' motion for summary judgment will be denied. The court will

3

issue a judgment in conformity with these findings.

**SIGNED** this 9<sup>TC</sup> day of May 2019, at Alexandria, Louisiana.

                                                **JUDGE DEE D. DRELL**
                                        **UNITED STATES DISTRICT COURT**